# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DUSTIN J. MERRYFIELD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 09-3218-CM-DJW** |
| ) | |
| **DISABILITY RIGHTS CENTER OF** ) | |
| **KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Dustin J. Merryfield is or was confined at Larned State Hospital under the Kansas Sexually Violent Predator Act, Kan. Stat. Ann. § 59-29a01, *et seq.*, as a member of the Kansas Sexually Violent Predator Treatment Program. He brings this action, *pro se* and *in forma pauperis*, individually and on behalf of others similarly situated, claiming that defendants have denied his "statutory right to receive protection and advocacy" (Doc. 1, at 8) and have unlawfully discriminated against him based on his disabilities.[1] This case is before the court on a Joint Motion to Dismiss (Doc. 17) filed by defendant Disability Rights Center of Kansas, Inc. [("DRC")], and defendant Rocky Nichols, its director.[2] Also before the court is Defendant United States Department of Health

---

[1] Although plaintiff originally filed this action jointly with Mark D. Brull, the cases were severed and each has proceeded individually. *See Brull v. Disability Rights Ctr. of Kan.*, Case No. 09-3219-CM-DJW.

[2] For purposes of this Memorandum and Order, the court's references to defendant DRC include defendant Nichols.

and Human Services' [("HHS")] Motion to Dismiss (Doc. 19).[3] Additionally, the court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution as to defendants Substance Abuse and Mental Health Services Administration ("SAMHSA"); Eric Broderick, Director; and Office for Civil Rights ("OCR"), Region VII; Frank Campbell, Regional Director (Doc. 31). Plaintiff has responded to these motions and to the court's order. For purposes of this order, the court finds that plaintiff has shown sufficient cause. With the briefing complete, the court grants the motions to dismiss for the reasons that follow.

I.     **Factual and Procedural Background**[4]

Liberally construed and briefly stated, it appears that plaintiff filed a grievance with defendant DRC containing a list of alleged abuses and/or civil rights violations suffered by plaintiff and other members of the Kansas Sexual Predator Treatment Program at Larned. (Doc. 23-1, at 4–17.) DRC declined to represent plaintiff. (*Id.*, at 32–33.) It appears that among DRC's reasons for declining to represent plaintiff was that the representation would require more time and money than the limited resources DRC had available. (*Id.*, at 32–33.) DRC's Executive Director, Rocky Nichols, affirmed the decision, (*id.*, at 43–44), as did DRC's Board of Directors, (*id.*, at 64.)

Plaintiff filed a grievance with the OCR, complaining that DRC's failure to advocate on his behalf and on behalf of all civilly confined Sexually Violent Predators in Kansas constituted discrimination on the basis of a disability. (*Id.*, at 20, 24.) The OCR determined that plaintiff's

---

[3] For purposes of this Memorandum and Order, the court's references to defendant HHS includes its agencies, SAMHSA and OCR, and their respective directors, Broderick and Campbell.

[4] Plaintiff's complaint is less than clear. The complaint repeatedly refers to "Exhibit A." Nine months after filing his complaint, plaintiff sought and received leave to file Exhibit A, which is an unorganized collection of documents, none of which have page numbers and only some of which are dated. (Doc. 23-1.)

claim of disability discrimination was without merit because, among other reasons, sexual behavior disorders do not constitute disabilities recognized under Section 504 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and unfavorable treatment of all similarly situated individuals without regard to protected status does not constitute discrimination. (*Id.*, at 54–55.)

Additionally, plaintiff filed a request with DRC under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking DRC records and reports. DRC denied the request on the basis that it was not a federal agency covered by FOIA, and/or that the records sought contained confidential information or protected organizational information. (*Id.*, at 42.) Plaintiff unsuccessfully appealed this denial. (*Id.*, at 56.)

Out of these facts, plaintiff appears to bring a civil rights class action seeking review of an agency decision and praying for declaratory relief. Plaintiff argues that DRC is a federal agency because it receives federal funding under the Protection and Advocacy for Mentally Ill Individuals ("PAMII") Act, 42 U.S.C. § 10801 *et seq*. Under PAMII, DRC is charged with protecting "individuals with mental illness." Plaintiff asks this court to declare that he and the other members of the Sexual Predator Treatment Program are "individuals with mental illness" under PAMII, because as Sexually Violent Predators, they have an adjudicated mental abnormality or mental illness.[5] Plaintiff asks this court to review DRC's decision declining to represent him and to find that the decision was in violation of PAMII. He also appears to claim that HHS failed to ensure DRC properly used the federal funds given to it under PAMII. He seeks only declaratory and

---

[5] Plaintiff additionally or alternatively argues that he does not suffer from any of the items listed in 29 U.S.C. § 705 that would deny him classification as a disabled person under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and indeed plaintiff is disabled within the meaning of "Title VII" and the analogous "Kansas Acts Against Discrimination" because he has been diagnosed with Antisocial Personality Disorder. (Doc. 1, at 10.)

-3-

injunctive relief, all of which appears to be directed at DRC.

## II. Judgment Standards

When, as here, a plaintiff proceeds *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," the court will not construe the plaintiff's complaint to create jurisdiction where there is none. *Rhodes v. Raymond*, No. 07-3229-CM, 2009 WL 1650248, at *4 (D. Kan. June 12, 2009) (quoting *Sears v. Equal Employment Opportunity Comm'n*, No. 86-2470, 1987 WL 15547, at *1 (D.D.C. Jan. 14, 1987)).

To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); Fed. R. Civ. P. 12(b)(6). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to plaintiff. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007); *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id.* at 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on

plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

Furthermore, the court is to dismiss a case in which *in forma pauperis* status has been granted if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(1)-(iii).

## III. DISCUSSION

### A. Defendant DRC

Defendant DRC makes a number of arguments for dismissal of plaintiff's claims. In response, plaintiff argues that DRC's motion to dismiss should not be considered by the court because it was not properly served on plaintiff. Nevertheless, plaintiff responds to the merits of the motion, specifically arguing that DRC is a federal agency because it is an agency or instrumentality used by the federal government to carry out the provisions of PAMII. Although plaintiff acknowledges that PAMII does not create a private right of action, plaintiff argues that his complaint is properly before the court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C.§ 701, *et seq*.

#### *Administrative Procedure Act*

Plaintiff's purported claims against DRC hinge on two suppositions: (1), that DRC is a federal agency; and (2) that plaintiff is an individual with a mental illness under PAMII. Because his first supposition is faulty, his claims fail. DRC is a private non-profit entity to which the APA does not apply. DRC is not a federal agency whose decisions are subject to judicial review pursuant to the APA.

And because PAMII does not create a private right of action—as all parties agree—there is

-5-

no vehicle by which this court might review DRC's discretionary decision not to represent plaintiff in pursuing his complaint against Larned.

### *Rehabilitation Act*

To the extent this court can construe plaintiff's claim against DRC as one arising out of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, plaintiff fails to allege the facts necessary to state a plausible claim. DRC, as a recipient of federal funds, is prohibited by the Rehabilitation Act from discriminating against individuals with disabilities.[6]

Whether a plaintiff is "disabled" as defined under the Rehabilitation Act is an issue that requires individualized determination. *McCarter v. West*, 910 F. Supp. 519 (D. Kan. 1995). Assuming without deciding that plaintiff's diagnosis of "Antisocial Personality Disorder" constitutes a "disability" as defined in 29 U.S.C. § 705(20), and assuming without deciding that his status as a Sexually Violent Predator does not disqualify him from the protections of the Rehabilitation Act, plaintiff's allegations do not demonstrate that he was discriminated against on the basis of this disability. Rather, the documents submitted as attachments to plaintiff's complaint demonstrate that DRC turned down plaintiff's request for representation for the following reasons: (1) assuming the merit of plaintiff's complaints, representation would require more time and money than the limited resources DRC had available; (2) DRC's policy was to refer all callers from the Sexual Predator's Treatment program to the Department of Justice; (3) a conflict of interest existed that prevented the

---

[6] Under Section 794 of the Rehabilitation Act, prohibiting discrimination against individuals with disabilities by recipients of federal financial assistance, a private right of action may be asserted in favor of individuals injured by its violation. The requisite elements of a private right of action are that the defendant receives federal assistance, the plaintiff is an "otherwise qualified individual" within the meaning of the statute, and that the plaintiff was discriminated against on the basis of a disability. 29 U.S.C. § 794; CJS Civ. Rights § 312. Courts apply the same analysis to claims brought under this statute and those brought under the ADA. *See, e.g., Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999); *see also* 42 U.S.C. § 12133.

staff from providing legal services. (Doc. 23-1, at 32–33, 43–44, 64.) And plaintiff fails to set out any facts, other than conclusory allegations, that DRC's decision constituted discrimination based on plaintiff's disability.

### *Freedom of Information Act*

Similarly, the court dismisses plaintiff's FOIA claims against DRC on the basis that it is not a federal agency subject to the provisions of the FOIA. Plaintiff's claims against DRC fail as a matter of law and are dismissed.

### **B. Defendants HHS, SAMHSA, OCR, Broderick, and Campbell**

Defendant HHS, on behalf of itself and the two named HHS entities, SAMHSA and OCR, argues that plaintiff's claims against it should be dismissed because plaintiff seeks no relief against these defendants; HHS has no duty to require DRC to represent plaintiff; there is no agency action to review; and HHS was not subject to a FOIA request.

This court rejects plaintiff's argument that the initial screening of this *in forma pauperis* action is now *res judicata* as to the question of whether plaintiff states a claim upon which relief can be granted. Indeed, 28 U.S.C. § 1915(e) requires that this court dismiss a case in which *in forma pauperis* status has been granted if *at any time* the court determines the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(1)-(iii).

Despite the thorough review and liberal construction the court has given plaintiff's complaint, the court concludes that plaintiff fails to state a claim against defendant HHS. First, the prayers for relief contained in the complaint do not seek any relief against defendant HHS. And although plaintiff may be dissatisfied that HHS did not (1) require DRC to represent him; or (2) investigate his discrimination complaint, he does not have a cause of action against HHS. Plaintiff fails to point to any provision in PAMII or its administrative provisions which would authorize—let

-7-

alone require—HHS to take action against a PAMII grant recipient under circumstances such as those presented by this case. And under those provisions, as set out in PAMII implementing regulations, protection and advocacy systems such as DRC are directed to develop their own program priorities, in which they may consider, among other things, "case selection criteria [and] the availability of staff and monetary resources." *See* 42 C.F.R. § 51.24(a). The facts alleged, even when viewed in the light most favorable to plaintiff, fail to state a claim upon which relief can be granted. The claims against HHS, OCR, SAMHSA and their directors are dismissed.

**IT IS THEREFORE ORDERED** that the Joint Motion to Dismiss (Doc. 17) filed by defendant Disability Rights Center of Kansas, Inc., and defendant Rocky Nichols, is granted.

**IT IS FURTHER ORDERED** that Defendant United States Department of Health and Human Services' Motion to Dismiss (Doc. 19) is granted.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed with prejudice for the reasons set out above.

Dated this 10th day of November 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**